## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES K. WHITTINGTON** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| **VERSUS** | : | |
| | : | |
| **HON. RANDY J. MAXWELL, SHERIFF** | : | |
| **CONCORDIA PARISH** | : | |
| **JIMMY D. DARDEN** | : | |
| **HON. JOHN F. JOHNSON** | : | |
| **DISTRICT ATTORNEY** | : | |
| **CONCORDIA PARISH** | : | |
| **CONCORDIA PARISH** | : | |
| **SHERIFF'S DEPARTMENT (CPSO)** | : | |
| **OFFICE OF THE DISTRICT ATTORNEY** | : | |
| **CONCORDIA PARISH** | : | |
| **HON. LEO BOOTHE** | : | |
| **DISTRICT JUDGE, DIVISION B** | : | |
| **SEVENTH JUDICIAL DISTRICT** | : | |
| *Defendants* | : | **TRIAL BY JURY** |

## C O M P L A I N T

**NOW INTO COURT**, through undersigned counsel comes and appears, JAMES

K. "JIM" WHITTINGTON, (hereinafter referred to as "PETITIONER"), a citizen of the

United States of America, who would respectfully state the following:

**JURISDICTION AND VENUE**

**1.**

This Honorable Court possesses Subject Matter Jurisdiction, because Petitioner herein is asserting claims cognizable under relevant sections of 42 U.S.C. §1981 and §1983, respectively.  Furthermore, 28 U.S.C. §1331 confers upon this Honorable Court claims involving a Federal Question.  Additionally, 28 U.S.C. §1343(a)(3) confers upon this Honorable Court original jurisdiction over civil actions which address a deprivation, under color of state law, of any rights secured by the United States Constitution or by any Act of Congress, which provides for equal rights.   Finally,   this Honorable Court possesses Pendent Jurisdiction over any State Law claims which arrive out of the same nucleus of operative facts which forms the basis of the foregoing Federal claims.

**2.**

All of the facts alleged in the foregoing complaint, at all times relevant to these proceedings, transpired within the Western District of Louisiana.

**PARTIES**

**3.**

Made Defendants herein both individually and in their official capacity as employees of a political subdivision of the Parish of Concordia, State of Louisiana are the following individuals, each of the full age of majority, who are not under any form of mental disability, whatsoever:

Defendant, RANDY J. MAXWELL, (hereinafter referred to as "MAXWELL") at all times relevant to these proceedings was acting in his official capacity as Sheriff of Concordia Parish, which political subdivision is located within the Western District of Louisiana.

Defendant, JIMMY D. DARDEN, (hereinafter referred to as "DARDEN") at all times relevant to these proceedings was acting in his official capacity as Deputy Sheriff of Concordia Parish, which political subdivision is located within the Western District of Louisiana.

Defendant, JOHN F. JOHNSON, (hereinafter referred to as "JOHNSON") at all times relevant to these proceedings was acting in his official capacity as District Attorney of Concordia Parish, which political subdivision is located within the Western District of Louisiana, who is amenable to suit under the jurisprudence outlined in **Burge v. Parish of Saint Tammany**, 187 F.3d 452, (5TH Cir. 1999).

Defendant, LEO BOOTHE, (hereinafter referred to as "BOOTHE") at all times relevant to these proceedings was acting in his official capacity as District Judge, Division "B" of the Seventh Judicial District in and for Concordia Parish, which political subdivision is located within the Western District of Louisiana, who is amenable to suit under the jurisprudence outlined in **Burge v. Parish of Saint Tammany**, 187 F.3d 452, (5TH Cir. 1999).

## STATEMENT OF FACTS

### 4.

During the year of 2003, Petitioner qualified to enter the race for Sheriff of Concordia Parish.  His opponent was Maxwell, who was himself seeking re-election. As is customary, both candidates utilized print media to distinguish themselves and to raise issues of concern to potential voters.  Extracts of paid campaign ads ran by Petitioner are attached hereto and made a part hereof as **Exhibit "A",** *in globo*.

### 5.

As evidenced by said campaign ads, aspersions regarding Maxwell's tenure in office centered in part on the arrest of Maxwell's Deputy Sheriff, Darden, on charges of possession of marijuana.  Maxwell responded in kind, by suggesting mistaken identity, that the Darden made subject of criminal proceedings in Pike County, Mississippi, was in fact not his Deputy Sheriff.  In a pivotal Campaign Ad, whose serials were styled "Dope-Gate" Petitioner published the Uniform Arrest Ticket issued by the Pike County Sheriff's Office dated July 4, 2003, which unequivocally proved that Maxwell's Deputy Sheriff, Darden, was indeed arrested for possession of Marijuana.

**6.**

Said campaign ad was published by the Concordia Sentinel, the official publication of Concordia Parish.  In point of fact, Petitioner ran approximately Twenty-three (23) campaign ads in the Concordia Sentinel alone.  Needless to say, Petitioner became politically estranged from Maxwell, causing Maxwell significant embarrassment over perceived mismanagement of the Concordia Parish Sheriff's Office during his tenure.

**7.**

Unfortunately, Petitioner did not prevail in the general election; and, Maxwell was re-elected as Sheriff in a November run-off election against a certain Glen Lipsey who was also running for Sheriff of Concordia Parish.

**8.**

On June 3, 2004, Petitioner was arrested by a representative of the Concordia Parish Sheriff's Office (Hereinafter referred to as "CPSO") for having committed the following offenses; to-wit:    Telephone Harassment, (LSA-R.S. Art. §14:285; Simple Robbery, (LSA-R.S. Art. §14:65); and, Stalking, (LSA-R.S. Art. §14:40.2).

**9.**

The case was assigned the following Criminal Docket Numbers:  04-1464 "B", 04-1476 "B", 04-1474 "B" and 04-1475 "B" in and for the 7th Judicial District Court. Additionally, the case was assigned to Division "B".

**10.**

At the time of Booking, Petitioner had only one prior misdemeanor conviction. Yet for reasons heretofore unknown and unwarranted, Boothe fixed Petitioner's bond at $175,000.00 which was tantamount to no bond at all.  Consequently, Petitioner spent fifty-seven (57) days in a parish jail outside of Concordia Parish, which confinement was procured by Darden and Maxwell.  A copy of Petitioner's booking information is attached hereto and made a part hereof as **EXHIBIT "B"**, *in globo.*

**11.**

Through retained counsel, Petitioner filed a <u>Motion To Reduce Bail</u> on June 18, 2004.  The Motion was tried in Open Court on July 28, 2004, wherein Petitioner's bond was reduced to $30,000.00, thereby enabling Petitioner to secure his release from incarceration.  A certified copy of Petitioner's <u>Motion To Reduce Bail</u> as well as a copy of the conditions of Bond are attached hereto and made a part hereof as **EXHIBIT "C"**, *in globo.*

**12.**

By Bill of Information in Affidavit form, Petitioner was formally arraigned July 14, 2004 on the following charges; to-wit:  Simple Robbery, (LSA-R.S. Art. §14:65); and, Stalking, (LSA-R.S. Art. §14:40.2).  A  copy of State's <u>Bill Of Information</u> on both bills, 04-1475 and 041476 are attached hereto and made a part hereof as **EXHIBIT "D"**, *in globo.*

**13.**

A review of State's response to Petitioner's Request For Discovery discloses the following seminal facts:

1) The alleged victim of the Simple Robbery was Theresa Berry, Petitioner's former girlfriend on the date of his arrest.  The alleged victim of the stalking charge is Becky Stephenson, the daughter of Defendant, Darden.

2) The alleged offense date of the Simple Robbery was March 27, 2004, yet the victim of said crime of violence waited until May 19, 2004 to institute criminal proceedings against Petitioner.

3) Victim's best friend is Becky Stephenson, who is the daughter of former Deputy Sheriff, Jimmy D. Darden, Defendant herein.

4) No further investigation into victim's claims were conducted poste Petitioner's arrest, to assertain the truthfulness of Petitioner's assertions of innocence and/or the truthfulness of the allegations maintained by the alleged victim, Theresa Berry.  In short, Petitioner was arrested and incarcerated on charges which were never fully investigated by Maxwell as Sheriff, Johnson as District Attorney or Boothe as Judge.

**14.**

Petitioner has maintained his innocence throughout the entire criminal prosecution, as early as June 4, 2004, when he gave a voluntary statement to investigators with the CPSO, after his arrest.  A copy of Petitioner's Voluntary Recorded Statement is attached hereto and made a part hereof as **EXHIBIT "E"**, *in globo*.  Once the nature of the charges were articulated by the facts contained in State's Response to Defendant's Request for Discovery, it became readily apparent, that Maxwell and/or Darden manufactured the charges in order to carry out a political vendetta against Petitioner as retribution for Petitioner's participation as a candidate in the Campaign for Sheriff during 2003; as retribution for Petitioner's refusal to step down as an elected Justice of the Peace; and as retribution for having filed a complaint with the Judicial commission against Boothe for ethical misconduct involving a prior criminal prosecution of Petitioner as Justice of the Peace.

**15.**

A preliminary examination was conducted in Open Court before Judge Boothe on July 14, 2004.  The state called to the witness stand the victim, Teresa Berry and one fact witness James Nixon. Briefly, the State's theory of the case alleges that on or about March 27 2004, Petitioner met the victim at her mother's residence, that an argument ensued on the front porch, during which time Petitioner forcibly removed two rings from victim in the presence of the victim's mother.  a copy of the Transcript of those proceedings are attached hereto and made a part hereof as **EXHIBIT "F"**, *in globo.*

**16.**

During Defendant's presentation of evidence Defense counsel called to the witness stand two fact witnesses:  Linda Burns and James W. Nixon.  Their testimony clearly refuted the suggestion that the victim had possession of the two rings on the dates alleged- March 27, 2004.  In point of fact, both witnesses testified that they physically saw the rings in Petitioner's possession as early as January of 2004, some two months before the date the alleged robbery took place.  The state did not call the victim's mother to the witness stand, thus there were no other witnesses called to corroborate victim's assertions.  As it pertained to the telephone harassment charges, no evidence was adduced whatsoever, not even in the way of telephone records to support the victim's earlier recorded statement that Petitioner on one occasion had called her cellular phone in excess of Seventy (70) times.  Finally, now evidence was adduced at trial in connection with the Stalking charge.  Yet the court found that there was probable cause to effectuate Petitioner's arrest.

**17.**

In soon became apparent to Petitioner, through his contacts with the CPSO, that significant *ex parte* communications had occurred between Maxwell, *qua* Sheriff, Johnson, *qua* District Attorney; and, Boothe, *qua* Trial Judge in connection with Petitioner's criminal prosecution.

**18.**

In order to determine the merits of his claims, Petitioner, through counsel, filed a Motion To Recuse District Attorney, on August 8, 2006. That Motion was tried on September 1, 2006, before the Hon. Kathy Johnson.  As evidenced by the testimony elicited from Johnson, District Attorney, Maxwell, Sheriff, and Brad Burget, Assistant District Attorney, Judge Johnson, granted Defense's request for Recusal as to both Johnson as the District Attorney and Boothe as the Trial Judge.

**19.**

A certified copy of said Motion To Recuse District Attorney, which was consolidated with Defense's contemporaneously filed Motion To Recuse Judge, a certified copy of which is also attached; as well as, a certified copy of the Transcript of those proceedings are attached hereto and made a part hereof as **EXHIBIT "G"**, *in globo.*

**20.**

On or about September 11, 2007, Petitioner through counsel filed a Motion To Quash Pursuant to Louisiana Code of Criminal Procedure Article 578 ET SEQ. An amended Show Cause Order was filed on September 26, 2007, which set the matter for contradictory hearing on October 3, 2007, ample notice of same having been supplied to the Office of the Attorney General.  No Appearances were made of record on behalf of the Office of the Attorney General; consequently the Motion To Quash with Prejudice all cases against Petitioner were granted.   Copies of the foregoing Motions and Orders are attached hereto and made a part hereof as **EXHIBIT "H"**, *in globo.*

**21.**

Petitioner has now learned that , Brad Burget, Assistant District Attorney for Concordia Parish has now made public disclosure that Maxwell's real intentions was to coerce the Office of the District Attorney to secure a felony conviction of Petitioner, thereby eliminating Petitioner from seeking any future political office.   A recent newspaper article was featured in the Natchez Democrat on Friday, September 19, 2008, a copy of which is attached hereto and made a part hereof as **EXHIBIT "I"**, *in globo.*

**FIRST CAUSE OF ACTION**
**MALICIOUS PROSECUTION**

**22.**

The elements of a malicious prosecution claim are as follows:

1) Commencement of a criminal prosecution against the plaintiff;

2) Causation (initiation or procurement or continuation) of the action by Defendant;

3) Termination of the prosecution in Petitioner's favor;

4) Petitioner's innocence;

5) The absence of Probable Cause for the initiation and/or continuation of proceedings;

6) Malice in the institution of criminal prosecution against Petitioner; and,

7) Damage to the Petitoner

**23.**

All of the elements of a claim for malicious prosecution are present in the facts alleged in the foregoing complaint, supported by the attached exhibits.

**24.**

The malicious prosecution of Petitioner by Defendants:  Maxwell, Darden, Johnson and Boothe is a separate and independent deprivation of a constitutional right to be free of malicious prosecution as guaranteed by the Fourth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### CONSPIRACY

**25.**

Defendants, Maxwell, Darden, Johnson and Boothe conspired to violate Petitioner's clearly established right to be free to make a complaint about perceived malfeasance in office as guaranteed by the First Amendment to the United States Constitution.

**26.**

Although procedurally time-barred, Defendants, Maxwell, Darden, Johnson and Boothe conspired to violate Petitioner's clearly established right to be free false arrest as guaranteed by the Fourth Amendment to the United States Constitution.

**27.**

Defendants, Maxwell, Darden, Johnson and Boothe conspired to violate Petitioner's clearly established right to be free from malicious prosecution as guaranteed by the First Amendment to the United States Constitution.

**THIRD CAUSE OF ACTION**
**STATE LAW MALICIOULS PROSECUTION**

**28.**

All of the elements of a claim for malicious prosecution under the applicable provisions of Louisiana's substantive law are present in the facts alleged in the foregoing complaint, and as further supported by the exhibits attached hereto.

**29.**

The Concordia Parish Sheriff's Office, as the statutory employer of Defendants: Maxwell and Darden, bears *in solido* liability for the damages caused by the acts of its employees during the course and scope of their employment as alleged in this Third Cause of Action.

**30.**

The Office of the District Attorney in and for Concordia Parish , as the statutory employer of Defendant:  Johnson, bears *in solido* liability for the damages caused by the acts of its employees during the course and scope of his employment as alleged in this Third Cause of Action.

**FOURTH CAUSE OF ACTION**
**PUNITIVE DAMAGES**

**31.**

All Defendants named herein acted with malice and/or reckless indifference to Petitioner's lawfully protected constitutional rights.   In consequence thereof, this Honorable Court should cast said Defendants for punitive damages as provided by law.

**QUALIFIED IMMUNITY**

**32.**

At all times relevant to the foregoing complaint, no reasonable public employee or public official could believe that Petitioner bore culpability of any sort whatsoever on the charges of Stalking, Telephone Harassment and Simple Burglary proffered by CPSO and accepted by Johnson qua District Attorney, as fully established by the Transcript of proceedings conducted by the District Court.

**33.**

The sole and only reason for Petitioner's prosecution was the unlawful retaliation against Petitioner by Defendants' Maxwell, Darden, Johnson and Boother because of Petitioner's lawful exercise of constitutionally protected comment on a matter of public concern.

**DEMAND FOR JUDGMENT**

**WHEREFORE PETITIONER PRAYS THAT**, this Honorable Court:

A)  Declare that the practices complained of in the foregoing complaint after the lapse of all legal delays be declared violative of Petitioner's constitutional rights to comment on a matter of public concern;

B)  Permanently enjoin Defendants herein, their agents, officers, and employees from engaging in all practices found by this Honorable Court to be in direct violation of the United States Constitution, as well as the substantive provisions of Louisiana Law which pertain to vouchsafe of the same rights and privileges;

C)  Order Defendants to make Petitioner whole by paying such monetary and non-monetary benefits in amounts to be established at Trial on the Merits of this matter;

D)  Order Defendants, *in solido*, to pay Petitioner compensatory and punitive damages in sums no less that $10,000.00;

E)  Retain jurisdiction over the foregoing complaint to ensure full compliance with the Court's Order, and require Defendants to file such reports as this Honorable Court deems necessary and proper in the premises;

F)  Order Defendants to pay Petitioner's costs, expenses and reasonable attorney fees as provided by law;

G)  Award Pre-Judgment interest on all sums awarded retroactive to date of Judicial Demand, until paid in full;

H)  Grant such other Orders and Decrees, necessary and proper in the premises; and,

I)      Grant unto Petitioner Trial by Jury.

Respectfully submitted,

_____

**MITCHEL M. EVANS II  (#19322)**
Attorney and Counselor at Law
416 North Pine Street
DeRidder, Louisiana  70634
Tel:  (337) 462-5225
Fax:  (337) 462-8200
E-Mail:  mevansii@bellsouth.net

Counsel of Record For Petitioner
JAMES K. "JIM" WHITTINGTON

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JAMES K. WHITTINGTON** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| **VERSUS** | : | |
| | : | |
| **HON. RANDY J. MAXWELL, SHERIFF** | : | |
| **CONCORDIA PARISH, ET AL** | : | |
| *Defendants* | : | |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**DEMAND FOR TRIAL BY JURY**


Petitioner herein respectfully seeks and is entitled to Trial by Jury



Respectfully submitted,



_____

**MITCHEL M. EVANS II  (#19322)**
Attorney and Counselor at Law
416 North Pine Street
DeRidder, Louisiana  70634
Tel:  (337) 462-5225
Fax:  (337) 462-8200
E-Mail:  mevansii@bellsouth.net

Counsel of Record For Petitioner
JAMES K. "JIM" WHITTINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES K. WHITTINGTON** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| **VERSUS** | : | |
| | : | |
| **HON. RANDY J. MAXWELL, SHERIFF** | : | |
| **CONCORDIA PARISH** | : | |
| **JIMMY D. DARDEN** | : | |
| **HON. JOHN F. JOHNSON** | : | |
| **DISTRICT ATTORNEY** | : | |
| **CONCORDIA PARISH** | : | |
| **CONCORDIA PARISH** | : | |
| **SHERIFF'S DEPARTMENT (CPSO)** | : | |
| **OFFICE OF THE DISTRICT ATTORNEY** | : | |
| **CONCORDIA PARISH** | : | |
| **HON. LEO BOOTHE** | : | |
| **DISTRICT JUDGE, DIVISION B** | : | |
| **SEVENTH JUDICIAL DISTRICT** | : | |
| *Defendants* | : | **TRIAL BY JURY** |

## A F F I D A V I T   O F   V E R I F I C A T I O N

**BE IT KNOWN**, that before me, undersigned authority duly sworn in and for

the Parish of Beauregard, State of Louisiana, personally came and appeared, JAMES K.

"JIM" WHITTINGTON, (hereinafter referred to as "AFFIANT") a legal person

domiciled in the Parish of Concordia, State of Louisiana, who after first being duly

sworn did depose and state the following:

I have read in its entirety, the foregoing Complaint entitled "*JAMES K. 'JIM' WHITTINGTON v. HON. RANDY J. MAXWELL, SHERIFF, CONCORDIA PARISH; JIMMY D. DARDEN; HON. JOHN F. JOHNSON, DISTRICT ATTORNEY, CONCORDIA PARISH; CONCORDIA PARISH SHERIFF'S OFFICE; OFFICE OF THE DISTRICT ATTORNEY, CONCORDIA PARISH; HON. LEO BOOTHE, DISTRICT JUDGE DIVISION "B", SEVENTH JUDICIAL DISTRICT*" and that all of the facts contained therein are true and correct to my knowledge, information, and belief, under penalty of perjury.  Further Affiant sayeth not.

**SWORN TO AND SUBSCRIBED,** before me, Notary, this **23rd** day of **September**, 20**08**.  DeRidder, Louisiana.

_____
**JAMES K. "JIM" WHITTINGTON**
*Affiant*


_____
**MITCHEL M. EVANS II, ESQ.**
NOTARY PUBLIC (#19322)
My commission expires:  Upon Death