U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 0 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| JAMES K. WHITTINGTON | CIVIL ACTION NO. 1:08–CV–1418 |
|---|---|
| -vs- | JUDGE DRELL |
| RANDY J. MAXWELL, ET AL. | MAGISTRATE KIRK |

## RULING

Before us is defendant District Judge Leo Boothe's ("Judge Boothe") unopposed[1] motion to dismiss (Doc. 11) plaintiff's claims against him in his official and individual capacities. Plaintiff sued Judge Boothe under Title 42 Sections 1981 and 1983, alleging a variety of claims surrounding plaintiff's assertedly malicious arrest and prosecution by sheriff's department officials (following on the heels of his unsuccessful political challenge in a race for sheriff) before Judge Boothe. Plaintiff is seeking damages and equitable relief as remedies. Judge Boothe's motion claims entitlement to dismissal of plaintiff's claims on three grounds: (1) Eleventh Amendment immunity; (2) judicial

---

[1] The clerk's automated notice provided to parties upon the filing of a dispositive motion provides that:

> Any party who opposes the motion may file a memorandum in opposition within **fifteen (15) calendar days** from the date of this notice. . . . OPPOSITION TO THE MOTION MUST BE FILED TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED.

*Notice of Motion Setting*, Doc. 12, at 1 (emphases in original). As no pleading at all was filed in response to Judge Boothe's motion, his motion will be considered unopposed.

immunity; and (3) failure to state a claim upon which relief can be granted. For the reasons below, Judge Boothe's motion will be granted and all claims against him, whether in his official or individual capacity, will be dismissed with prejudice.

I.  **Analysis**

In a similar suit against a state district judge, the United States Fifth Circuit affirmed the district court's dismissal of all § 1983 claims against the judge:

> We agree with the district court that [the judge] . . . enjoyed absolute immunity from damages under § 1983. Judges are absolutely immune from liability for judicial acts that are not performed in the clear absence of all jurisdiction, however erroneous the act or evil the motive. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989). Because [plaintiff]'s allegations are intimately connected with [the judge's] judicial acts, [the judge] is absolutely immune from suit under § 1983.

*Cazey v. Stem*, 5 F.3d 1495 (5th Cir. 1993). Similarly, because the plaintiff's complaint in the instant case does not demonstrate that Judge Boothe was without all jurisdiction in engaging in his allegedly wrongful judicial conduct, Judge Boothe is absolutely, judicially immune from this § 1983 suit in his personal, or individual, capacity.[2]

Judge Boothe is also entitled to immunity—although it stems from the Constitution rather than from the common law—for the suit against him in his official capacity. The Fifth Circuit restates the law plainly:

> Immunity does not bar suits against defendants in their official capacities. . . . [However, the district judge named as a defendant] is a state[, as opposed to a local governmental,] officer and is therefore protected by Eleventh Amendment immunity.

---

[2] It is, however, unclear whether plaintiff is proceeding against Judge Boothe in his official capacity alone, or also proceeding against Judge Boothe in his individual or personal capacity. (Doc. 1, at 3.) While we treat both capacities here since they were raised in the defendant's motion, a plain reading of the complaint supports only the official capacity claims.

2

*Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989). As such, the Eleventh Amendment to the United States Constitution will protect Judge Booth from suit in his official capacity.

Finally, insofar as plaintiff's complaint seeks injunctive relief against Judge Boothe, it will be noted that while "judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions[,] . . . the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *Johnson v. Bigelow*, 239 Fed. App'x 865, 865-66 (5th Cir. 2007) (citation omitted). Since this is what plaintiff effectively asks this court to do in his complaint, we must state that principles of federalism leave us wholly without authority to do so. For that reason, plaintiff's plea for equitable relief must be dismissed along with the damage claims.

## II. Conclusion

For the foregoing reasons, plaintiff's complaint against Judge Boothe in whatsoever capacity will be dismissed with prejudice by separate judgment.

SIGNED on this 10TH day of June, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3