UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JAMES K. WHITTINGTON, | CIVIL ACTION |
|---|---|
| Plaintiff | NO. CV08-1418-A |
| VERSUS | |
| SHERIFF RANDY J. MAXWELL, et al., | JUDGE DEE D. DRELL |
| Defendants | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court are a motion to dismiss filed by the Concordia Parish Sheriff's Department (Doc. 24) and a motion to dismiss filed by the Concordia Parish District Attorney's Office (Doc. 27). Those motions were referred to the undersigned Magistrate Judge for report and recommendation (Doc. 52).

James K. Whittington ("Whittington") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 25, 2008. The named defendants are Sheriff Randy J. Maxwell ("Maxwell")(sheriff of Concordia Parish)(official capacity only), Deputy Sheriff Jimmy D. Darden ("Darden")(employed by the Concordia Parish Sheriff)(official capacity only), John F. Johnson ("Johnson")(Concordia Parish District Attorney)(official capacity only), the Concordia Parish Sheriff's Department, the Concordia Parish District Attorney's Office, and Leo Booth(then a judge for the Louisiana Seventh Judicial District in Concordia Parish)(official capacity).

Whittington alleges causes of action for malicious prosecution, conspiracy, a state law claim for malicious prosecution, and a claim for punitive damages. For relief, Whittington asks for a jury trial and monetary damages, including compensatory damages, punitive damages, costs, expenses, attorney fees, and interest.

Maxwell, Darden, and Johnson answered the complaint (Docs. 5, 26, 40). Judge Boothe filed a motion to dismiss which was granted (Docs. 11, 41, 42). Motions to dismiss were filed by the Concordia Parish Sheriff's Department (Doc. 24) and the District Attorney's Office (Doc. 27). Those motions have not been opposed.

## Summary of Pertinent Facts

Whittington alleges in his complaint that, in 2003, he ran in the race for Concordia Parish against incumbent Sheriff Maxwell. As part of his election campaign, Whittington alleges that he ran a series of twenty-three newspaper articles entitled "Dope Gate," in which he argued that Maxwell had mismanaged the office of sheriff and pointed to the fact that (then) Concordia Parish Sheriff's Deputy Darden had been arrested on July 4, 2003, in Pike County, Mississippi, for possession of marijuana. Whittington states that he did not make the election run-off and Maxwell was ultimately re-elected as sheriff.

Whittington contends that, on June 3, 2004, he was arrested by a Concordia Parish Sheriff's deputy on charges of telephone harassment (La. R.S. 14:285), simple robbery (La.R.S. 14:65), and

stalking (La.R.S. 14:40.2). Whittington alleges that, at the time he was booked, he had one prior misdemeanor conviction, but his bail was set at $175,000. Whittington further alleges that, as a consequence of the high bail, Whittington was unable to make bond and he spent fifty-seven days in a parish jail outside of Concordia Parish (as arranged by Darden and Maxwell). Whittington contends he retained counsel, who filed a motion to reduce bond on June 18, 2004; the motion was tried on July 28, 2004, his bond was reduced to $30,000, and Whittington was able to obtain his release on bond.

Whittington was arraigned on July 14, 2004, on a bill of information which charged him with (1) simple robbery of his former girlfriend, Theresa Berry, committed on March 27, 2004, and (2) stalking Darden's daughter, Becky Stephenson. According to Whittington, Theresa Berry and Becky Stephenson were best friends, and Theresa Berry did not make the complaint as to simple robbery until May 19, 2004. Whittington contends the state's discovery responses made it clear that the charges against him were manufactured by Maxwell and/or Darden in retaliation for (1) Whittington's election campaign ads, (2) Whittington's refusal to step down as an elected justice of the peace, and (3) for having filed a complaint with the Judicial Commission against Judge Boothe for ethics violations. Judge Boothe found probable cause for Whittington's arrest after a preliminary examination on July 14, 2004.

Whittington alleges that he found, through contacts at the Concordia Parish Sheriff's Office, that there had been significant ex parte communications between Sheriff Maxwell, D.A. Johnson, and Judge Boothe concerning Whittington's criminal prosecution. Whittington contends his counsel filed a motion to recuse and, after a hearing before Judge Kathy Johnson on September 1, 2006, both D.A. Johnson and Judge Boothe were ordered recused from the case. Whittington further contends that, on September 11, 2007, Whittington's motion to quash the charges against him was granted. Whittington alleges that he subsequently learned, from Assistant D.A. Brad Burget's public disclosure in the "Natchez Democrat" newspaper on September 19, 2008, that Sheriff Maxwell had intended to coerce the Concordia Parish District Attorney into securing a felony conviction of Whittington.

Whittington alleges (1) Maxwell, Darden, Johnson, and Boothe maliciously prosecuted him in violation of the Fourth Amendment, (2) Maxwell, Darden, Johnson, and Booth conspired to violation Whittington's right to complain about perceived malfeasance in office in violation of the First Amendment and conspired to have him falsely arrested and maliciously prosecuted him in violation of the Fourth Amendment, (3) Maxwell, Darden, Johnson, and Boothe maliciously prosecuted him under state law, and that the Concordia Parish Sheriff's Office, the statutory employer of Maxwell and Darden, is liable in solido for the damages they caused, and (4)

Maxwell, Darden, Johnson, and Boothe are liable for punitive damages because they acted with malice and/or reckless indifference to Whittington's constitutional rights.

## Law and Analysis

### Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe, 753 F.2d at 1101. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim.

5

National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

Sheriff's Department

Defendants filed a motion to dismiss the "Concordia Parish Sheriff's Department" on the ground that it is not an entity which can be sued.

Parish Sheriff's Departments are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. Thus, the Concordia Parish Sheriff's Office is not a "person" capable of being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D.La. 1988); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236. 238 (La. App., 3d Cir.), w.d., 352 So. 2d 235 (La. 1977). Also, Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd on part on other grounds, 637 So.2d 395 (La. 1994); Ferguson v. Stephens, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's Dept., 511 So.2d 8 n.1 (La. App. 3d Cir. 1987).

The Sheriff is an autonomous local government official separate and apart from the parish he serves. Therefore, any judgment rendered against Sheriff Maxwell in his official capacity is to be recovered from the Sheriff's liability insurer or the

public funds controlled by Sheriff Maxwell. <u>Victoria W. v. Larpenter</u>, 205 F.Supp.2d 580, 586 n.16 (E.D.La. 2002), aff'd, 369 F.3d 475 (5th Cir. 2004).

Accordingly, Whittington's §1983 action against the "Concordia Parish Sheriff's Department" should be dismissed with prejudice.

<u>District Attorney's Office</u>

Next, defendants contend the District Attorney's Office for Concordia Parish should be dismissed because it is not a legal entity that is capable of being sued.

Louisiana law does not permit a district attorney's office to be sued in its own name; instead the claim must be brought against the district attorney in his official capacity, as Whittington has done herein. <u>Hudson v. City of New Orleans</u>, 174 F.3d 677, 680 (5th Cir.) cert. den., 528 U.S. 1004, 120 S.Ct. 498 (1999). A Louisiana District Attorney, sued in his official capacity, is a local, not a state, government official. <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 469 (5th Cir. 1999), citing <u>Mairena v. Foti</u>, 816 F.2d 1061, 1064 n.1 (5th Cir. 1987), cert. den., 484 U.S. 1005, 108 S.Ct. 697 (1988). Also, <u>Gibson v. State</u>, 94-0476 (La. App. 4th Cir. 10/27/94), 644 So.2d 1148, rev'd on other grounds, 1999-1730(La. 4/11/00), 758 So.2d 782, cert. den, 531 U.S. 1052, 121 S.Ct. 656 (2000). Under Louisiana law, a district attorney, like a sheriff, is virtually an autonomous local government official. <u>Burge</u>, 187 F.3d at 469, citing La. Const. Art. 5, §§ 26, 27 and Art. 6, §§

7

5(G), 7(B); La. R.S. 16:1, et seq. Louisiana's constitutional and statutory provisions indicate that a district attorney is the independent and final official policymaker for all of the administrative and prosecutorial functions of his office. Burge, 187 F.3d at 469, citing La. Const. Art. 5, §§ 26 and Art. 6, §§ 5, 7, 25; La. R.S. 16:1, et seq.; La. R.S. 11:1581-1587. Therefore, in a suit against a district attorney in his official capacity under Section 1983 for constitutional torts caused by the district attorney's policies, a victory for the plaintiff imposes liability on the district attorney's office as an independent local entity. Accordingly, any judgment against a district attorney in his official capacity must be recovered from his liability insurer or the public funds controlled by him or his successor in office. Burge, 187 F.3d at 470.

Therefore, Whittington's action against the "District Attorney's Office" should also be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motions to dismiss (Docs. 24, 27) be GRANTED and that Whittington's action against the "Concordia Parish Sheriff's Department" and the "District Attorney's Office" be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from

8

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 1st day of October 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE